UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALAN CAMPBELL, individually and as Mitchell Campbell's grandfather, and his capacity as the Personal Representative for the Estate of Mitchell Campbell; DIANE CAMPBELL, individually and as Mitchell Campbell's grandmother; and MC, the biological minor daughter of Mitchell Campbell, by and through a GAL to be named, | NO: 4:16-CV-5048-RMP  PROTECTIVE ORDER |
| Plaintiffs, | |
| v. | |
| OUR LADY OF LOURDES HOSPITAL AT PASCO, d/b/a Lourdes Medical Center; KEVIN S. OWENS, M.D., in his professional and individual capacity and his spouse, Jane Doe Owens; CITY OF PASCO; CITY OF PASCO POLICE DEPARTMENT; CITY OF PASCO CHIEF OF POLICE ROBERT METZGER, in his official capacity as well as his individual capacity, and his spouse Jane Doe Metzger, individually; CITY OF PASCO POLICE OFFICER ROBERT HARRIS, in his official capacity as well as his individual capacity, and his spouse Jane Doe | |

PROTECTIVE ORDER ~ 1

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13 | Harris, individually; CITY OF PASCO OFFICER MATT GRIFFIN, in his official capacity as well as his individual capacity, and his spouse Jane Doe Griffin; FRANKLIN COUNTY; FRANKLIN COUNTY SHERIFF RICHARD LATHIM, in his official capacity as well as his individual capacity, and his spouse Jane Doe Lathim; CAPTAIN RICK LONG, in his official capacity as well as his individual capacity, and his spouse Jane Doe Long; FRANKLIN COUNTY CORRECTIONS OFFICER JESSICA BROOKS, in her official capacity as well as her individual capacity, and her spouse John Doe Brooks; FRANKLIN COUNTY CORRECTIONS OFFICER YVETTE WILSON, in her official capacity as well as her individual capacity, and her spouse John Doe Wilson; and DOES 1-12,<br><br>                    Defendants. |

14

15     On September 15, 2016, the parties, by and through their attorneys, agreed

16 and stipulated pursuant to FRCP 29, to a protective order regarding certain

17 "Protected Documents."  Accordingly, **IT IS HEREBY ORDERED** that the

18 parties' Stipulated Motion for Protective Order, **ECF No. 29**, is **GRANTED**.

19     The following provisions constitute the Protective Order regarding release of

20 protected documents in this matter:

21

PROTECTIVE ORDER ~ 2

1.    The parties shall not disclose or share any part of the "Protected Documents" described below or any information gleaned from said documents with any person except as expressly provided herein.

2.    The Protected Documents covered by this Stipulation and the subsequent Order of the court are described as follows: All files, personnel or otherwise, maintained by the City of Pasco Police Department for officers Robert Harris and Matt Griffin.

3.    Prior to any disclosure of Protected Documents as described in this Order the parties shall obtain from each proposed recipient of the Protected Documents their signature on a copy of the Protective Order that states that the recipient has received a copy of the Protective Order regarding the Protected Documents and agrees to be bound by such order.  By signing a copy of the Protective Order the recipient agrees that he or she has read the Order, represents that he or she is a person permitted to have access to information from the Protected Documents and agrees that he or she will make no further disclosure of the information received, will personally protect the confidentiality of all copies and will either return them to the producing parties' attorneys at the conclusion of this case, or will at that time personally destroy them and upon request from the producing parties provide a sworn affidavit that he or she has done so.

PROTECTIVE ORDER ~ 3

4. Subject to the terms of this Order, the parties may allow inspection of Protected Documents or discuss the contents of Protected Documents or information therefrom with only the following categories of persons and no other:

    a. Duly licensed and professional experts, consultants or investigators retained to assist in evaluation, preparation or testimony in this case;

    b. Any court personnel, court reporter, mediator, judge and or jury in this case;

    c. Any person identified as having authored or previously received the material.

5. If it becomes necessary for any party to submit a Protected Document to the court, that party shall inform the producing party with sufficient time prior to the filing of the Protected Document such that a motion to seal the Protected Document can be noted prior to filing. A motion to seal will not be granted unless the motion and supporting documents establish compelling reasons to seal.

6. The parties shall use the Protected Documents or information obtained from them only for the purpose of prosecuting this litigation.

7. At the time of exchange of exhibit lists, the parties shall list in the exhibit list for their case in chief any Protected Document they intend to use at the time of trial by designating the exhibit as a "PROTECTED DOCUMENT" in capital letters. Any other party may request an in camera review of the exhibit and make

PROTECTIVE ORDER ~ 4

the appropriate motion for the handling of the document at trial in accordance with the Jury Trial Scheduling Order.

8. Nothing in this Protective Order shall limit any producing party's use of its own documents or prevent any producing party from disclosing its confidential information to any person.

9. The Court retains jurisdiction to make any amendments, modifications or additions to the Protective Order as it deems appropriate.

10. The parties, by stipulation, may add additional documents to be covered by this Order.

This District Court Clerk in directed to enter this Order and provide copies to counsel.

**DATED** this 15th day of September 2016.

                                *s/ Rosanna Malouf Peterson*
                              ROSANNA MALOUF PETERSON
                                United States District Judge